UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: [To be assigned]

# COMPLAINT

**DeWitt Gilmore, Plaintiff**

v.

**Sean Combs, a/k/a "Puff Daddy," "P. Diddy," "Diddy," Bad Boy Entertainment, Inc., and affiliated entities, Defendants**

Plaintiff DeWitt Gilmore ("Plaintiff"), by and through this complaint, states the following against Defendants Sean Combs (also known as "Puff Daddy," "P. Diddy," and "Diddy"), Bad Boy Entertainment, Inc., and any affiliated companies or entities responsible for employing the bodyguards or associates involved in the incident described below:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), as the matter in controversy exceeds $75,000, and the parties are citizens of different states. Plaintiff, DeWitt Gilmore, resides in Georgia, while Defendants are based in New York, New York.

2. Venue is appropriate in the Southern District of New York as the events giving rise to this claim occurred within this District, specifically in New York City.

## II. PARTIES

3. **Plaintiff:** DeWitt Gilmore ("Plaintiff"), a resident of Atlanta, Georgia, is an author, entrepreneur, and public figure who suffered personal and emotional injuries due to the actions of Defendants.

4. **Defendants:**

    - **Sean Combs** (also known as "Puff Daddy," "P. Diddy," and "Diddy"): An entertainer, entrepreneur, and public figure operating from New York, New York. At all relevant times, Mr. Combs acted

- individually and through his affiliates, including bodyguards and associates involved in the incident described.
  - **Bad Boy Entertainment, Inc.** and related entities: Business entities operating under the direction of Mr. Combs that employed or contracted with the bodyguards and associates involved in the incident described in this complaint.
  - **Affiliated Entities**: Includes any subsidiaries, entities, or individuals affiliated with Bad Boy Entertainment, Inc., involved in the employment or contract of associates and bodyguards who participated in the attack, including those operating under Mr. Combs' direction and control.

### III. FACTUAL ALLEGATIONS

5. On a night in the summer of 1996, Plaintiff DeWitt Gilmore was assaulted by Defendant Sean Combs and a group of his associates, including his bodyguard, on a street in New York City after exiting a club.

6. Plaintiff, in the company of his friends Lance Calfe and Rico, approached his vehicle, an Isuzu Trooper, parked near the club. As Plaintiff and his friends prepared to leave, Defendant Combs and his associates pulled up in a gold convertible, with Defendant Combs positioned in the passenger seat and his bodyguard driving.

7. Defendant Combs initiated a verbal confrontation with Plaintiff, taunting him with derogatory language and escalating the situation with threats of violence. His words, including "What's up, bitch?" were intended to provoke and intimidate Plaintiff.

8. The encounter rapidly intensified as Defendant Combs' bodyguard and additional vehicles carrying armed associates joined to form an entourage, surrounding Plaintiff's vehicle. Defendant Combs and his associates blocked Plaintiff's car, creating a sense of immediate danger.

9. Defendant Combs' associates brandished firearms, and shots were fired. Fearing for his life, Plaintiff Gilmore, with Lance Calfe and Rico as witnesses, were aggressively chased through the dark city streets and managed to evade the scene by accelerating through traffic, narrowly escaping a potentially deadly ambush.

10. As a result of this incident, Plaintiff suffered significant emotional and psychological distress, a fear of retaliation, and harm to his reputation. He

was unable to bring this case forward at the time due to Defendant Combs' considerable influence and power in the entertainment industry, as well as his fear of continued harassment and possible violent retribution.

11. The plaintiff, Gilmore, recently reconnected with a key witness, Lance Calfe, after years of no contact. This reconnection brought forth new insight and testimonial evidence surrounding the events of that night, underscoring the intensity of the encounter with Sean Combs. Calfe's account serves as recently discovered evidence, significant enough to reopen the case beyond the usual statute of limitations due to the unique circumstances of intimidation and safety concerns that delayed earlier action. Mr. Calfe's statement, obtained in September, 2024, corroborates Plaintiff's experience of the attack and identifies Defendant Combs as a primary instigator, providing essential new information to this filing.

## IV. CLAIMS FOR RELIEF

### COUNT ONE: ASSAULT

12. Plaintiff repeats and re-alleges each allegation as if fully set forth herein.

13. Defendant Combs and his associates, through threats and displays of violence, willfully placed Plaintiff in imminent fear of bodily harm, leading to significant emotional distress and mental anguish.

14. Defendants' actions constituted assault under New York law, and Plaintiff is entitled to damages for the fear and emotional trauma suffered as a result.

### COUNT TWO: BATTERY

15. Plaintiff repeats and re-alleges each allegation as if fully set forth herein.

16. Defendants Combs and his associates intentionally engaged in harmful and offensive contact with Plaintiff by surrounding him with an armed entourage, firing a weapon in his presence, and creating a physically dangerous situation.

17. Plaintiff sustained damages, including physical and emotional suffering, as a direct and proximate result of Defendants' actions.

**COUNT THREE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

18. Plaintiff repeats and re-alleges each allegation as if fully set forth herein.

19. Defendants' actions, including threats, the brandishing of firearms, and a deliberate attempt to intimidate and harm Plaintiff, were extreme, outrageous, and intended to inflict severe emotional distress.

20. Plaintiff suffered significant emotional and psychological harm as a direct result of Defendants' conduct, entitling him to compensatory damages.

## V. DAMAGES AND RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

1. Compensatory damages in the amount of $5,000,000 for emotional distress, physical harm, lost opportunities, and reputational damage.

2. Punitive damages as determined by the court to deter future misconduct by Defendants and similar parties.

3. Costs of this action, including reasonable attorney's fees, should Plaintiff retain legal representation.

4. Any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

**DATED:** Sunday, November 3rd, 2024
**Respectfully Submitted,**

**DeWitt Gilmore**
237 East Simon Ter, NW
Atlanta, GA 30318