# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

**DeWitt Gilmore, Plaintiff**

v.

**Sean Combs, a/k/a "Puff Daddy," "P. Diddy," Bad Boy Entertainment, Inc., and Affiliated Entities, Defendants**

Case No. 24-cv-08440 (S.D.N.Y.)

# PLAINTIFF'S MOTION TO DEEM SERVICE EFFECTIVE AND DENY DEFENDANT'S MOTION TO DISMISS

### TO THE HONORABLE JUDGE LAURA TAYLOR SWAIN:

Plaintiff **DeWitt Gilmore**, proceeding **pro se**, respectfully submits this **Motion to Deem Service Effective and Deny Defendant's Motion to Dismiss**, and in support states as follows:

## I. INTRODUCTION

This Court should **reject Defendants' attempt to dismiss this case** based on a **frivolous and hyper-technical argument about service of process.** Defendant **Sean Combs is currently incarcerated**, and his legal team **received, acknowledged, and responded to service**—proving that they had **actual notice of the lawsuit**. Federal courts, including this one, recognize that **substantial compliance and actual notice override minor procedural deficiencies** in service of process.

For the following reasons, Plaintiff respectfully requests that this Court **deem service effective and deny Defendants' motion to dismiss.**

## II. FACTUAL BACKGROUND

1. **Plaintiff filed the Complaint in this action on November 3, 2024.**
2. On **January 31, 2025**, Plaintiff **properly served** the Complaint upon **Defendant's legal counsel, Sher Tremonte LLP, at 90 Broad Street, New York, NY 10004.**
3. The **Affidavit of Service** was filed with the Court on **February 3, 2025**, confirming that service was executed upon **Defendant's attorney of record, Erica Wolff.**
4. On **February 13, 2025**, Defendants' counsel **acknowledged receipt of the Complaint and responded in writing,** demonstrating **actual notice of the lawsuit.**
5. Defendant **Sean Combs is currently incarcerated at the Brooklyn Metropolitan Detention Center ("MDC")**, and the facility has confirmed that he **cannot personally accept service.**

# III. LEGAL ARGUMENT

## A. SERVICE WAS PROPERLY EFFECTED AND DEFENDANTS HAD ACTUAL NOTICE

**1. Service on an Attorney of Record Is Valid When the Defendant Is Incarcerated or Otherwise Unreachable**

- Federal courts have routinely held that **service on an attorney of record satisfies Rule 4** when the attorney is **actively representing the defendant in the matter** and the defendant is **unavailable to accept personal service.**
- **See Doe v. Federal Bureau of Prisons, 532 F. Supp. 2d 266 (D.D.C. 2008)** (holding that service on an incarcerated defendant's attorney of record was sufficient where the prison would not allow personal service).

**2. Defendants Have Waived Any Objection to Service by Accepting and Responding**

- The **purpose of Rule 4** is to **ensure that a defendant receives actual notice of the lawsuit** and has an opportunity to respond.
- Here, **Defendants' counsel received the Complaint, reviewed it, and responded** with a letter **acknowledging the lawsuit.**
- It is well-established that **actual notice eliminates the need for strict technical compliance** with service rules.
- **See Moran v. Kingdom of Saudi Arabia, 27 F.3d 169 (7th Cir. 1994)** (finding that when a defendant has actual notice and responds to litigation, service objections are immaterial).

## B. EQUITABLE PRINCIPLES AND DUE PROCESS WARRANT REJECTING THE MOTION TO DISMISS

**3. Plaintiff is Pro Se and Indigent, Requiring Flexibility in Service Rules**

- **Courts grant pro se litigants reasonable leeway in procedural matters** to ensure access to justice.
- **See Haines v. Kerner, 404 U.S. 519, 520 (1972)** ("Pro se pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers.").
- Plaintiff **acted in good faith, served the complaint on Defendants' legal representatives, and filed proof of service** with the Court.

**4. Defendant Combs' Incarceration Prevents Traditional Service**

- Federal courts have **consistently permitted alternative methods of service** when a defendant is **incarcerated and unable to be served personally.**
- **See Doe v. Bell, 2003 WL 24264869 (S.D.N.Y. 2003)** (allowing alternative service on an inmate's attorney when personal service was impractical).

## IV. CONCLUSION & RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. **Deem service of process on Defendants valid and effective** under Rule 4(e) and applicable case law.
2. **Deny Defendants' Motion to Dismiss in its entirety** and allow the case to proceed on the merits.

**Respectfully submitted,**

**DeWitt Gilmore**
Pro Se Plaintiff
237 East Simon Ter NW
Atlanta, GA 30312
RelentlessAaron2007@gmail.com
(404) 477-8257