UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**DEWITT GILMORE, Plaintiff**

v.

**SEAN COMBS, Defendant**

Case No.: CV-08440

"Exhibit A"

## AMENDED COMPLAINT

Plaintiff DeWitt Gilmore ("Plaintiff"), appearing pro se, respectfully alleges against Defendant Sean Combs ("Defendant") as follows:

## I. INTRODUCTION

1. Plaintiff brings this action seeking redress for the violent assault, intimidation, and emotional distress inflicted upon him by Defendant Sean Combs in 1996.

2. Defendant's actions were part of a longstanding and escalating pattern of violent and abusive behavior spanning decades, enabled by systemic failures to hold him accountable.

3. Recent developments, including the admission of video evidence in federal court showing Defendant physically assaulting Cassandra Ventura ("Cassie") in 2016, further substantiate Plaintiff's claims and confirm Defendant's established history of unchecked violence and intimidation tactics.

4. Plaintiff respectfully seeks compensatory and punitive damages for the injuries suffered and to hold Defendant accountable for his egregious misconduct.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred within this District, and Defendant conducts substantial business in this District.

## III. PARTIES

7. Plaintiff DeWitt Gilmore is a citizen and resident of the State of Georgia.

8. Defendant Sean Combs is a citizen and resident of the State of Florida, with substantial business operations and personal connections within the State of New York.

## IV. FACTUAL BACKGROUND

### A. The 1996 Assault and Intimidation of Plaintiff

9. On or about November 1996, Plaintiff, while lawfully engaged in professional activities alongside associates in New York City, was violently targeted by Defendant Sean Combs and individuals under his direction and control.

10. Without provocation or justification, Defendant orchestrated and executed an ambush against Plaintiff and his colleagues, resulting in violent intimidation, including the discharge of firearms, causing Plaintiff to fear for his life and suffer emotional trauma.

11. Although no physical contact was made with Plaintiff during the ambush, the violence and threats were deliberate, reckless, and intended to assert dominance, intimidate, and cause severe emotional harm.

### B. Defendant's Pattern of Violence and Misconduct

12. The 1996 ambush against Plaintiff was not an isolated incident but part of a broader, ongoing pattern of violent behavior by Defendant.

13. Over the decades following the 1996 incident, Defendant engaged in numerous acts of violence, coercion, and abuse against individuals within both personal and professional settings.

14. Notably, in 2016, Defendant physically assaulted Cassandra Ventura ("Cassie") in a Los Angeles hotel, an act that was captured on hotel surveillance video.

**C. Concealment and Suppression of Evidence**

15. The 2016 Cassie assault was concealed from public view for years, with credible reports indicating that efforts were made to suppress and purchase the video evidence to avoid accountability.

16. Only recently has the video been admitted into evidence in pending federal proceedings, revealing Defendant's brutal and violent conduct against Ms. Ventura.

**D. Failure to Hold Defendant Accountable and Enabling of Violence**

17. Had Defendant's early acts of violence — including the 1996 intimidation of Plaintiff — been appropriately investigated and prosecuted, it is likely that subsequent victims, including Ms. Ventura, could have been spared harm.

18. Instead, Defendant's behavior escalated over time, emboldened by a lack of consequences and systemic protection from accountability.

19. Defendant's conduct reflects a consistent, dangerous disregard for the physical safety and emotional well-being of others.

**E. Recent Confirmation of Plaintiff's Allegations**

20. The recent court ruling admitting video evidence of Defendant's 2016 assault confirms the veracity of Plaintiff's claims regarding Defendant's propensity for violence and disregard for lawful conduct.

21. Plaintiff's 1996 incident stands as one of the earliest public warnings of Defendant's pattern of behavior, now validated by mounting evidence and corroborating accounts extending back decades.

**V. CAUSES OF ACTION**

**Count I: Assault**

22. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

23. Defendant intentionally, willfully, and maliciously committed acts of assault against Plaintiff in 1996 by orchestrating a violent ambush involving threats and gunfire, causing Plaintiff to reasonably fear for his life.

24. As a direct result, Plaintiff suffered emotional distress, pain, suffering, and humiliation.

**Count II: Intentional Infliction of Emotional Distress**

25. Defendant's conduct was extreme, outrageous, and beyond all bounds of decency tolerated in a civilized society.

26. Defendant intended to cause Plaintiff severe emotional distress, or acted with reckless disregard for the probability of causing such distress.

27. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress and related damages.

**Count III: Punitive Damages**

28. Defendant's actions were willful, malicious, wanton, and exhibited a reckless disregard for the rights and safety of others.

29. Plaintiff is entitled to punitive damages to punish Defendant and to deter similar conduct in the future.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

- Awarding compensatory damages in an amount to be determined at trial;
- Awarding punitive damages;
- Awarding costs, expenses, and fees incurred herein;
- Granting such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

Date: April 28th, 2025

**DeWitt Gilmore**
Plaintiff, Pro Se
404-477-8257
relentlessaaron2007@gmail.com