UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEWITT GILMORE,

                         Plaintiff,

               -v-

SEAN COMBS, *et al.*,

                         Defendants.

24-CV-8440 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

    On May 16, 2025, this Court granted Defendants' motion to dismiss for failure to state a claim. *Gilmore v. Combs*, No. 24-CV-8440, 2025 WL 1425326 (S.D.N.Y. May 16, 2025). In that Opinion and Order, the Court certified "pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith," and thus denied Gilmore's *in forma pauperis* ("IFP") status on appeal. *Id.* at *5 (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)). Shortly thereafter, *pro se* Plaintiff DeWitt Gilmore filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2) and "a request to continue in forma pauperis." (ECF No. 45 ("DeWitt mtn.") at 1 (capitalization altered).)

    Rule 60(b)(2) grants a district court discretion to relieve a party from a final judgment if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." To succeed on such a motion, a movant must show that:

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (quotation marks omitted). Notably, "mov[ing] to set aside [a] judgment pursuant to Rule 60(b) [is] a mechanism

for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quotation marks omitted).

Gilmore has failed to identify exceptional circumstances in the present case. The Court dismissed Gilmore's claims of assault, battery, and IIED stemming from an event that allegedly occurred in 1996, for far exceeding the statute of limitations for New York tort claims. *Gilmore*, 2025 WL 1425326, at *3-4. Given Gilmore's *pro se* status, the Court entertained various theories of equitable estoppel or tolling that could plausibly have been raised by Gilmore's filings, but concluded that none applied. *See id.* Gilmore now claims that the Court's Opinion "prompted [him] to reach out to Paulette Layne, his former spouse and the mother of his children. Ms. Layne then provided a declaration describing a threatening phone call made in 1995 or 1996 by a man identifying himself as 'Puffy.'" (Gilmore Mtn. at 1 (emphasis omitted).) Gilmore states that "[t]he call was hostile, frightening, and left a lasting impression," thus providing evidence that Plaintiff experienced "direct intimidation" by Combs and triggering equitable tolling of his tort claims. (*Id.* at 1-2.)

First, Gilmore gives no justification for his delay in reaching out to Layne, "his former spouse and the mother of his children." (*See id.* at 1). Second, Layne's recounting of this phone call from an individual who identified himself as "Puffy" would not change the Court's holding that Gilmore failed to plead facts that would give rise to equitable estoppel or duress tolling. This phone call allegedly occurred "in 1995 or 1996" (*id.*), and Gilmore fails to identify any continuous threat by Defendants to prevent Gilmore from bringing suit for the nearly thirty years since. Gilmore has thus failed to show that relief from judgment is merited.

The Court also declines to reverse its denial of Gilmore's IFP status on appeal. Gilmore has "failed to demonstrate that [his] claims have any merit," *Surabian v. Picard*, No. 13-CV-0935, 2014 WL 1776169, at *1 (S.D.N.Y. Apr. 30, 2014), and the Court thus exercises its discretion pursuant to 28 U.S.C. § 1915(a)(3) to deny Gilmore IFP status in appealing its May 16, 2025 Opinion and Order.

Plaintiff's motion for relief from judgment is therefore DENIED.

The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *Coppedge*, 369 U.S. at 444-45.

The Clerk of the Court is directed to close the motion at Docket Number 45.

SO ORDERED.

Dated: May 30, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge